UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Jacob Frankl,<br>individually and on behalf of all others similarly situated;<br>Plaintiff,<br><br>-v.-<br><br>Transworld Systems, Inc.,<br>Continental Finance Company, LLC;<br><br>Defendant. | C. A. No.: 7:22-cv-11006<br><br>CLASS ACTION COMPLAINT<br>DEMAND FOR JURY TRIAL |

Plaintiff Jacob Frankl ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against the Defendants Transworld Systems, Inc. ("Transworld") and Continental Finance Company, LLC ("Continental Finance") (collectively, "Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et seq.  The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the FDCPA, and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, County of Rockland.

8. Defendant Transworld is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Transworld is registered in New York for service of process care of C T Corporation System, 28 Liberty Street, New York, New York 10005.

10. Defendant Continental Finance is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

11. Continental Finance is a Delaware corporation with an address for service care of Lamiaa E. Elfar, its registered agent for service of process at 4550 New Linden Hill Road, Suite 400, Wilmington, DE 19808.

12. Upon information and belief, Defendants are companies that use the mail, telephone, and facsimile and regularly engage in business the principal purpose of which is to attempt to collect debts, and that regularly collects debts alleged to be due itself or another.

## CLASS ALLEGATIONS

13. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

14. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Transworld, at the direction of Continental Finance, sent an initial collection letter in an attempt to collect a consumer debt;

    c. wherein the letter provides conflicting information concerning the debt amount and the address to send a dispute response; and

    d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

15. The identities of all class members are readily ascertainable from the records of the Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

16. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

17. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692g.

18. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

19. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the

        Defendants' written communications to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§1692e and 1692g.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff, and all members of the Plaintiff Class, have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff, nor counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

20. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

21. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

22. Plaintiff repeats the above paragraphs as if set forth here.

23. Some time prior to October 16, 2022, an obligation was allegedly incurred to non-party Celtic Bank.

24. The subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes. Specifically, a personal Surge credit card.

25. Thus, the alleged Celtic Bank obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

26. Celtic Bank is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

27. Through one or more transactions following the Plaintiff's alleged default, Continental Finance obtained to right to service and collect the debt.

28. According to the Letter (defined below), Continental Finance contracted with Transworld to collect on the alleged debt.

29. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violations – October 16, 2022 Collection Letter*

30. On or about October 16, 2022, Defendant Transworld, at the direction of Continental Finance, sent the Plaintiff a collection letter ("Letter"). A copy of this Letter is attached as Exhibit A.

31. The Letter lists the total amount of the debt now (October 16, 2022) as $1,243.86.

32. However, the Letter also lists the past due amount as of October 16, 2022 as $205.00.

33. No intervening charges or credits were listed to address the large discrepancy in the amount due as of the date of the Letter, October 16, 2022.

34. Thus, the Letter does not provide the least sophisticated consumer, and the Plaintiff, with the material information concerning the correct balance or whether the balance may change.

35. Due to the lack of material and truthful information, Plaintiff does not know if the amount of his obligation is static or dynamic.

36. The Letter would imply to the consumer that a significant amount of the total debt was added, *without explanation*.

37. The Letter materially misled the Plaintiff because when faced with two equal-amount debts, one of which is getting larger (dynamic) and one of which will never get larger (static), Plaintiff would pay the dynamic debt first.

38. Defendants cannot imply or suggest that there may be additional charges or reductions when in fact there will not be additional charges or reductions.

39. That false advice could incentivize the Plaintiff to pay the debt, or not pay the debt, at a time when, if accurately advised, he would do the opposite.

40. A changing balance is a quintessential example of an ambiguity that could cause a consumer to pay as a means of avoiding its accrual, or refrain from paying as a means of taking advantage of a shrinking balance.

41. Moreover, the Letter provides three different potential addresses to dispute the debt and/or seek validation of same.

42. Specifically, the Letter sets forth mailing addresses in Delaware, Pennsylvania and Illinois.

43. Thus, the Letter is unclear to the least sophisticated consumer, and the Plaintiff, as to where to send a written dispute of the debt.

44. For the foregoing reasons, Defendants failed to give the Plaintiff a valid G-Notice, and deprived the Plaintiff of all rights derived therefrom, by continuing with its collection despite the deficiencies in the Letter.

45. The Letter is therefore false, deceptive, misleading, and unfair.

46. Because of the conflicting information, Plaintiff suspected the Letter might be fraudulent or suspect, in whole or in part.

47. Plaintiff was therefore unable to evaluate how much is truly being alleged as the correct balance, is being misled as to the total owed, and cannot properly evaluate the demand for payment or how to address it by dispute or otherwise.

48. Plaintiff was therefore unable to make payment on the debt.

49. The funds the Plaintiff would have used to pay some or all of this alleged debt were therefore spent elsewhere.

50. Defendants' conduct prevented the Plaintiff from acting in the way he would have otherwise acted had the Defendants' Letter not been improper.

51. Plaintiff was unable to properly respond as it would be foolhardy for the Plaintiff to pay some or all of this debt when the Letter demanding payment did not make sense.

52. Defendants' actions caused the Plaintiff to suspect there was fraud involved with this collection.

53. Because of the Defendants' improper acts, Plaintiff expended time and money in determining the proper course of action.

54. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

55. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of further negative informational furnishment concerning the collection to credit bureaus, and ultimate dissemination to third-parties, to the Plaintiff's financial and reputational detriment.

56. During this time, and because of this, Plaintiff suffered emotional harm because of the Defendant's improper acts.

57. Plaintiff suffered from fear, stress and difficulty with sleep, suspecting a fraudulent collection.

58. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

59. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

60. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, defamation and conversion.

61. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

62. Plaintiff is entitled to receive proper notice of the amount of the debt and how to dispute same, as required by the FDCPA.

63. Defendants failed to effectively inform the Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

64. These violations by the Defendants were knowing, willful, negligent and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid any such violations.

65. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

66. Defendants' deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this debt.

67. As described above, Plaintiff was misled to his detriment by the statements in the Letter, and relied on the contents of the Letter to his detriment.

68. As described above, Plaintiff would have pursued a different course of action were it not for the Defendants' violations.

69. As a result of the Defendants' deceptive, misleading, unfair and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

70. Plaintiff repeats the above allegations as if set forth here.

71. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

72. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

73. Defendants violated said section by:

   a. Making a deceptive and misleading representation in violation of §§ 1692e and 1692e (10) by, as described above, providing conflicting information concerning the amount due and how to dispute same; and

   b. Falsely representing the character, amount or legal status of the debt in violation of §1692e (2).

74. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e, et seq. of the FDCPA and the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT II**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

75. Plaintiff repeats the above allegations as if set forth here.

76. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

77. Pursuant to 15 U.S.C. § 1692g(a), within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

78. Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt.

79. Defendant violated said section by:

   a. Failing to clearly identify the amount of the debt in violation of § 1692g(a)(1);

      and

    b. Failing to provide the Plaintiff with clear notice concerning his right to dispute the subject debt by virtue of issuing conflicting amounts and addresses in the Letter in violation of § 1692g(a)(3)-(4); and

    c. Depriving the Plaintiff of his right to dispute the debt, and reap the benefits therefrom, by proceeding with collection without properly issuing a valid G-Notice in violation of violation of § 1692g(b).

80. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

81. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Jacob Frankl, individually and on behalf of all others similarly situated, demands judgment from the Defendants Transworld and Continental Finance as follows:

    i. Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and Robert Yusko, Esq., as Class Counsel;

    ii. Awarding the Plaintiff and the Class statutory damages;

    iii. Awarding the Plaintiff and the Class actual damages;

    iv. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v.    Awarding pre-judgment interest and post-judgment interest; and

   vi.    Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: December 31, 2022                          Respectfully submitted,

                                                              **Stein Saks, PLLC**

                                                              /s/ Robert Yusko  
                                                              By: Robert Yusko, Esq.  
                                                              One University Plaza, Suite 620  
                                                              Hackensack, NJ 07601  
                                                              Phone: (201) 282-6500  
                                                              Fax: (201) 282-6501  
                                                              ryusko@steinsakslegal.com

                                                              *Attorneys for Plaintiff*

Case 7:22-cv-11006-NSR    Document 1    Filed 12/31/22    Page 14 of 14